IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| TRICO PRODUCTS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| v. | ) |
| | ) |
| FEDERAL MOGUL CORPORATION, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Trico Products Corporation ("Trico"), on personal knowledge as to its own acts and upon information and belief formed after reasonable inquiry as to the acts of others, files this Complaint for Patent Infringement against Federal Mogul Corporation ("Federal Mogul") and alleges as follows:

## PARTIES

1. Plaintiff Trico is a corporation organized under the laws of the state of New York with its principal place of business in Rochester Hills, Michigan.

2. Trico is informed and believes that Federal Mogul is a corporation organized under the laws of the state of Delaware with its principal place of business in Southfield, Michigan. Upon further information and belief, Federal Mogul distributes the infringing products that are the subject of this litigation from its facility located in El Paso, Texas, to auto parts stores and other sellers around the country including Houston.

## DEFENDANT'S IMPROPER DECLARATORY JUDGMENT ACTION

3. Federal Mogul and Trico are currently parties to infringement proceedings commenced by Federal Mogul in the District Court for the Eastern District of Michigan, Case

No. 2:2013-cv-11578, and before the International Trade Commission ("ITC"), Inv. No. 337-TA-881. The District Court proceeding was stayed pursuant to 28 U.S.C. § 1659(a) until a determination by the ITC becomes final.

4.      As part of the proceedings in the ITC, and pursuant to an Order entered by the Administrative Law Judge presiding over those proceedings, the parties took part in a one-day mediation on September 19, 2013 (the "Confidential Mediation").

5.      Prior to the Confidential Mediation, Trico had not informed Federal Mogul of Trico's contention that Federal Mogul infringed two of Trico's patents: U.S. Patent Nos. 6,836,925 (the "'925 patent") and 6,799,348 (the "'348 patent").

6.      The Confidential Mediation was conducted by JAMS Alternative Dispute Resolution pursuant to Federal Rule of Civil Procedure 408 and Trico understood that all information discussed during the meditation was confidential and for use in settlement and mediation only.

7.      Trico has not disclosed its contentions regarding the '925 and '348 patents outside of the Confidential Mediation.

8.      On October 1, 2013, counsel for Federal Mogul contacted Trico's counsel by voicemail message to state that Federal Mogul was willing to engage in further settlement discussions.

9.      Trico's counsel responded, telling Federal Mogul's counsel additional settlement discussions would be more productive once Trico had commenced its own infringement proceedings against Federal Mogul, and proposed a meeting in November 2013.

10.     On October 10, 2013, Federal Mogul's counsel responded again by voicemail message. In that message, Federal Mogul's counsel proposed a further settlement meeting either

during the week beginning October 14, or the week beginning October 21, 2013. Federal Mogul's counsel also stated that Federal Mogul wanted Trico not to commence any infringement proceeding prior to such a meeting. Lastly, Federal Mogul's counsel requested that Trico respond by October 11, 2013.

11. Before Trico responded, and before close of business on October 11, 2013, Federal Mogul S.A., a Belgium company, filed an action seeking a declaratory judgment of non-infringement and invalidity regarding Trico's '925 and '348 patents in the District Court for the Eastern District of Michigan, Case No. 2:2013-cv-14332 (the "Declaratory Judgment Action").

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Trico's patent infringement claims under 28 U.S.C. § 1338(a), in that the claims arise under the Acts of Congress relating to patents, 35 U.S.C. § 101 *et seq*.

13. Federal Mogul is subject to personal jurisdiction in this District because it conducts continuous and systematic business in the State of Texas. Moreover, Federal Mogul has purposefully directed the actions identified herein at the State of Texas and within this District, which actions constitute direct and/or indirect acts of patent infringement from which this Complaint arises.

14. Specifically, Trico is informed and believes that, among other things, Federal Mogul operates a facility located in El Paso, Texas and that Federal Mogul utilizes that facility to distribute the infringing wiper blades at issue in this case.

15. Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because Federal Mogul conducts continuous and systematic business in this judicial district, and certain of the acts complained of occurred in this judicial district.

**FACTUAL ALLEGATIONS**

16. During the late 1990s windshield wipers changed from a so-called yoke-style design to a yokeless or beam-blade design. Trico invested significantly in bringing beam-blade technology to the United States.

17. Federal Mogul only began to use beam-blade technology after seeing the designs of other windshield wiper manufacturers and how those designs were well received by the automotive industry.

18. Trico's '925 and '348 patents cover fundamental aspects of beam blade technology.

19. Plaintiff Trico is the owner of all right, title, and interest in the '925 patent, entitled "Windscreen Wiper," filed originally as a PCT patent application on September 22, 1999, and, after filing an application in the United States, duly and legally issued as a U.S. Patent on January 4, 2005. The technology disclosed in the '925 patent is generally known as a "beam" wiper blade. A true and correct copy of the '925 patent is attached to this Complaint as Exhibit A.

20. Plaintiff Trico is also the owner of all right, title, and interest in the '348 patent, entitled "Windscreen Wiper," filed originally as a PCT patent application on September 23, 1999, and after filing an application in the United States, duly and legally issued as a U.S. Patent on October 5, 2004. The technology disclosed in the '348 patent also is generally known as a "beam" wiper blade. A true and correct copy of the '348 patent is attached to the Complaint as Exhibit B.

## COUNT I:

**(Infringement of United States Patent No. 6,836,925)**

21. Trico incorporates by reference paragraphs 1 through 20 as if set forth here in full.

22. Trico is informed and believes, and based thereon alleges, that Federal Mogul has made, used, offered to sell, and/or sold in this judicial district and elsewhere in the United States, products that infringe at least claims 1 and 8 of the '925 patent, literally and/or under the doctrine of equivalents, in violation of Trico's statutory rights. Those products include but are not limited to the ANCO Contour, ANCO Profile, and GM GR.10.146 blades, and any other product using the same or similar "beam" wiper technology that Federal Mogul has commercialized or commercialize during the pendency of this lawsuit ("Infringing Products").

23. Trico is further informed and believes, and based thereon alleges, that Federal Mogul has imported into the United States the Infringing Products that infringe at least claims 1 and 8 of the '925 patent, literally and/or under the doctrine of equivalents, in violation of Trico's statutory rights.

24. Trico is further informed and believes, and thus alleges, that Federal Mogul is still making, using, offering to sell, selling, and/or importing into the United States, the Infringing Products.

## COUNT II:

**(Infringement of United States Patent No. 6,799,348)**

25. Trico incorporates by reference paragraphs 1 through 20 as if set forth here in full.

26. Trico is informed and believes, and based thereon alleges, that Federal Mogul has made, used, offered to sell, and/or sold in this judicial district and elsewhere in the United States,

products that infringe at least claims 1, 4, 5, 6, 9, 10, and 11 including but not limited to the Infringing Products.

27.     Trico is further informed and believes, and thus alleges, that Federal Mogul has imported into the United States products, including but not limited to the Infringing Products, that infringe at least claims 1, 4, 5, 6, 9, 10, and 11 of the '348 patent, literally and/or under the doctrine of equivalents, in violation of Trico's statutory rights.

28.     Trico is further informed and believes, and thus alleges, that Federal Mogul is still making, using, offering to sell, selling, and/or importing into the United States, the Infringing Products.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Trico prays for the following judgment and relief:

a.      that Federal Mogul has infringed the '925 patent;

b.      that Federal Mogul has infringed the '348 patent;

c.      that Trico is entitled to a permanent injunction barring Federal Mogul and its respective agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '925 patent and/or the '348 patent;

d.      that Federal Mogul shall account for and pay to Trico the damages to which Trico is entitled as a consequence of the infringement of the '925 patent;

e.      that Federal Mogul shall account for and pay to Trico the damages to which Trico is entitled as a consequence of the infringement of the '348 patent;

f.      that Federal Mogul be ordered to make an accounting of the respective sales, profits, royalties, and damages owed to Trico, including a post-judgment equitable accounting of

damages for the period of infringement of the '925 patent and the '348 patent following the period of damages established by Trico at trial;

      g.      that this case is exceptional pursuant to 35 U.S.C. § 285;

      h.      that Federal Mogul pay attorneys' fees pursuant to 35 U.S.C. § 285;

      i.      that Federal Mogul pay pre-judgment and post-judgment interest;

      j.      that Trico be awarded its costs, fees, and expenses in this action; and,

      k.      any other award or relief that the Court finds just and equitable.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

Dated: October 15, 2013              **REYNOLDS, FRIZZELL, BLACK,**
                                                  **DOYLE, ALLEN & OLDHAM, L.L.P.**

                                                  By: /s/ *Chris Reynolds*
                                                       Chris Reynolds
                                                       SBN: 16801900 / FBN: 4890
                                                  1100 Louisiana, Suite 3500
                                                  Houston, Texas 77002
                                                  Phone: (713) 485-7200
                                                  Fax:  (713) 485-7250
                                                  Email: creynolds@reynoldsfrizzell.com

                                                  OF COUNSEL:

                                                  Jennifer L. Fitzgerald
                                                  David S. Becker
                                                  FREEBORN & PETERS LLP
                                                  311 South Wacker Drive, Suite 3000
                                                  Chicago, Illinois 60606
                                                  Phone:  (312) 360-6585
                                                  Fax:  (312) 360-6520

OF COUNSEL:

Leslie G. Fagen
Nicholas Groombridge
Tadahiro Kaburaki
Damien Kieran
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON, LLP
1285 Avenue of the Americas
New York, New York 10019
Phone:  (212) 373-3000
Fax:  (212) 757-3990

**ATTORNEYS FOR PLAINTIFF**